**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 1 4 2004 *dlepr*

LUTHER ~~D. ........~~, Clerk
By: *JkPmckry* Deputy Clerk

DIAMOND POWER )
INTERNATIONAL, INC., )
)
Plaintiff, )
)       CIVIL ACTION
v. )       FILE NO. **1 04  C V  1708**
)
CLYDE BERGEMANN, INC., )
)
Defendant. )       **RWS**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Plaintiff Diamond Power International, Inc. ("Diamond

Power") in the above-styled action, and alleges as follows:

### NATURE OF THE ACTION

1.

This is an action for damages and injunctive relief premised on Diamond

Power's claims for violation of the Georgia Trade Secrets Act, the Computer Fraud

and Abuse Act (18 U.S.C. § 1030 et seq.) and for tortious interference with

business relations, tortious interference with contracts, unjust enrichment, and

conversion of property.

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
Title VII NTC
*night drop box*

## PARTIES

2.

Diamond Power is a corporation incorporated and existing under the laws of the state of Delaware and having its principal place of business, for purposes of 28 U.S.C. § 1332, located at 2600 East Main Street, Lancaster, Ohio.

3.

Defendant Clyde Bergemann, Inc. ("Bergemann") is a corporation incorporated and existing under the laws of the state of Delaware, with its principal place of business, for purposes of 28 U.S.C. § 1332, located at 4015 Presidential Parkway, Atlanta, Georgia.

## JURISDICTION AND VENUE

4.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States, specifically 18 U.S.C. § 1030 et seq. (the Computer Fraud and Abuse Act).

5.

Venue of this action is proper in this judicial district and division because Bergemann's principal place of business and registered agent for service of process are located within in the Northern District of Georgia and Bergemann is subject to personal jurisdiction within the Northern District of Georgia.

ATL01/11671045v1

## FACTUAL ALLEGATIONS

6.

Diamond Power is engaged in the business of manufacturing and selling industrial boiler cleaning systems.  Diamond Power markets and sells its products and services to customers worldwide.

7.

Bergemann is engaged in a business substantially similar to that of Diamond Power and is a direct competitor of Diamond Power.

8.

Wayne Davidson ("Davidson") agreed to accept employment with Bergemann on or about September 30, 2003.  Prior to October 31, 2003, Davidson was employed by Diamond Power as its manager of U.S. Service Center Operations.

9.

During the course of his employment with Diamond Power, Davidson's responsibilities included, but not by way of limitation, management of Diamond Power's three U.S. Service Centers, located in or near Atlanta, Georgia, Chicago, Illinois, and Seattle, Washington.  In this capacity, Davidson was responsible for the operational performance of each of the service centers, managing inventory levels and costs at the service centers, and assisting in the sales process to

- 3 -

customers and prospective customers of Diamond Power.

10.

As a precondition to his employment with Diamond Power, Davidson
entered into a Proprietary Information and Conflict of Interest Agreement
("Proprietary Information Agreement").  A true and correct copy of Davidson's
Proprietary Information Agreement is attached hereto as Exhibit A.

11.

Pursuant to paragraph 1 of his Proprietary Information Agreement,
Davidson agreed that upon termination of his employment, he would return to
Diamond Power "all records of proprietary information" of Diamond Power,
including copies thereof.

12.

Davidson voluntarily resigned his employment with Diamond Power
effective October 31, 2003.

13.

Bergemann acting by and through its employees and/or agents,
misappropriated trade secrets and other confidential and proprietary information
created and maintained by Diamond Power, including, but not limited to, lists of
Diamond Power customer names, addresses and identification of recent
purchasers; strategic marketing analysis and price comparison data; financial

- 4 -

information and records; documents containing Diamond Power equipment cost and price information; of Diamond Power equipment parts detailed specifications and description; and reports listing all Diamond Power customers and their respective total purchases during the year prior to Davidson's departure from Diamond Power.

14.

Bergemann acquired the trade secrets and proprietary information of Diamond Power and knew or reasonably should have known that it was acquired by improper means.

15.

On information and belief, Bergemann has communicated, shared, and disclosed Diamond Power's trade secret and proprietary information to and among its employees and agents for the purpose of using and disclosing such information for the benefit of Bergemann and to the detriment of Diamond Power.

16.

Bergemann, through its employees and agents, has used and disclosed Diamond Power's trade secrets and proprietary information for the wrongful benefit of Bergemann and in tortious interference with Diamond Power's business relations with its customers.  Diamond Power has been injured thereby.

17.

At all relevant times, Diamond Power took reasonable steps to maintain the secrecy of its proprietary information including that information contained on its computer network and Oracle database and including that information misappropriated by Bergemann.

## COUNT I

### Violation of Georgia Trade Secrets Act

18.

Diamond Power adopts and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19.

The information and computer files of Diamond Power misappropriated by Bergemann contain or constitute trade secret information under Georgia law as the information derives economic value from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure and use. The information is and at all relevant times has been the subject of reasonable efforts by Diamond Power to maintain its secrecy.

20.

Bergemann unlawfully misappropriated Diamond Power's trade secret information and Diamond Power has or will sustain irreparable harm as direct and proximate result of these unlawful actions taken.  Unless otherwise restrained by this Court, Bergemann will cause irreparable injury to Diamond Power, for which there will be no adequate remedy at law.

21.

Diamond Power is entitled to injunctive relief including, but not limited to, an order: (a) prohibiting Bergemann and all of its agents and employees from making any use or disclosure of Diamond Power's trade secret information; (b) requiring the return to Diamond Power of all trade secret information, in whatever form, and all copies and derivatives of same; and (c) requiring that Bergemann provide evidence that is sufficient to conclusively establish he has complied with the terms set forth in items (a) and (b) above.

22.

Diamond Power is entitled to recover damages caused by Bergemann's conduct, including, without limitation, actual damages, unjust enrichment, or damages measured in terms of a reasonable royalty.

ATL01/11671045v1

23.

Bergemann's misappropriation was done willfully and maliciously, thereby warranting an award to Diamond Power of exemplary damages and the recovery of reasonable attorneys' fees.

24.

Diamond Power has been damaged as a result of the misappropriation of its property by Bergemann.  Further, the misappropriation of its property subjects Diamond Power to a pending and ongoing threat of immediate and irreparable harm which harm will continue unless an injunction issues mandating the return of Diamond Power's property, and all copies and derivatives thereof, and prohibiting any further use or disclosure of same.

## COUNT II

### Violation of Computer Fraud and Abuse Act 18 U.S.C. § 1030 et seq.

25.

Diamond Power adopts and realleges the allegations contained in Paragraph's 1 through 24 as if fully set forth herein.

26.

Bergemann, acting through its employees and/or agents, engaged in an unauthorized access of Diamond Power's computer systems and network by

accessing and obtaining Diamond Power's confidential and proprietary information for the purpose of misappropriating same.

27.

Bergemann, acting through its employees and/or agents, attempted to conceal its actions as set forth hereinabove by attempting to delete, erase, or overwrite computer evidence of same.

28.

Bergemann's conduct as set forth hereinabove was malicious, intentional, willful, wanton and in reckless disregard to the rights of Diamond Power.

29.

As a direct and approximate result of Bergemann's conduct, Diamond Power has suffered a loss of at least $5,000.00 in value.  Diamond Power is entitled to recover from Bergemann the full amount of its loss once it has been determined.

COUNT III

Misappropriation and Conversion of Property

30.

Diamond Power adopts and realleges the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31.

Bergemann, acting through its agents and employees, has wrongfully taken or retained possession of property owned by Diamond Power and has wrongfully refused to return such property to Diamond Power as requested. Bergemann has used Diamond Power's property for its own benefit

32.

Bergemann's conduct as set forth hereinabove was malicious, intentional willful, wanton, and in reckless disregard to the rights of Diamond Power.

33.

Diamond Power has suffered actual damages in an amount not yet determined as a result of Bergemann's conduct. Diamond Power is entitled to recover from Bergemann the full amount of these sums once they are determined.

34.

Diamond Power is further entitled to recover from Bergemann punitive damages and attorneys' fees in an amount to be shown at trial.

## COUNT IV

### Tortious Interference with Business Relations

35.

Diamond Power adopts and realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

- 10 -

36.

Diamond Power maintains numerous advantageous business relations with its established customers.

37.

Bergemann is aware or reasonably should have been aware of the advantageous business relations which existed between Diamond Power and its established customers.

38.

On information and belief, notwithstanding its knowledge of those advantageous business relations, Bergemann willfully, intentionally, with malice, and without justification or privilege, acted to induce customers of Diamond Power to sever their ongoing business relations with Diamond Power.

39.

On information and belief, Bergemann has used improper means to interfere with Diamond Power's advantageous business relations.

40.

On information and belief, through its acts of interference, Bergemann has proximately caused substantial injury to Diamond Power in an amount not yet determined. Diamond Power is entitled to recover from Bergemann the full amount of the sums once they are determined. Diamond Power is further entitled

ATL01/11671045v1

to recover from Bergemann punitive damages and attorneys' fees in an amount to be shown at trial.

## COUNT V

### Unjust Enrichment

41.

Diamond Power adopts and realleges the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.

Bergemann has been unjustly enriched by its unlawful and wrongful acts as set forth hereinabove.

43.

Bergemann should be divested of its unjustly gained enrichment with such damages awarded to Diamond Power in an amount to be proven at trial.

## COUNT VI

### Tortious Interference with Contract

44.

Diamond Power adopts and realleges the allegations contained in Paragraph 1 through 43 as if fully set forth herein.

ATL01/11671045v1

45.

Diamond Power has substantial rights existing under the Proprietary Information and Conflict of Interest Agreement entered into by Davidson.

46.

Bergemann was aware of, or reasonably should have been aware, of the contract executed by Davidson for the benefit of Diamond Power.

47.

Notwithstanding its knowledge that Davidson had entered into the Proprietary Information Agreement, one or more agents or employees of Bergemann willfully, intentionally, with malice, and without justification or privilege, induced, aided, or abetted Davidson's breach of the contractual obligations owed to Diamond Power under the Proprietary Information Agreement.

48.

Agents or employees of Bergemann used improper means to interfere with Diamond Power's contractual relationship with Davidson.

49.

Through the acts of interference undertaken by one or more of its agents or employees, Bergemann proximately caused substantial injury to Diamond Power.

ATL01/11671045v1

50.

Bergemann's interference with Diamond Power's contractual rights was in willful, wanton, malicious and reckless disregard of the rights existing thereunder, as well as of the harm that interference was causing and was foreseeably likely to cause, so that punitive damages and recovery of attorney fees and expenses should be awarded to Diamond Power.

<u>PRAYER FOR RELIEF</u>

WHEREFORE Diamond Power demands that judgment be made and entered in its favor and against Bergemann as follows:

A.      Entry of temporary, interlocutory, and permanent injunctions enjoining Bergemann and any of its agents or employees from disclosing, using, modifying or adapting any of Diamond Power's trade secrets.

B.      Entry of temporary, interlocutory, and permanent injunctions requiring Bergemann to return to Diamond Power all of its property, including all information or tangible items in whatever form, and all copies or derivatives thereof, reflecting or containing Diamond Power's trade secrets or confidential and proprietary business information.

C.      Award Diamond Power actual and compensatory damages in an amount to be determined at trial.

D.      Award Diamond Power exemplary damages in an amount to be determined at trial.

E.      Award Diamond Power punitive damages in an amount to be determined at trial.

F.      Award Diamond Power all costs and attorneys' fees it incurs in the prosecution of this lawsuit, pursuant to O.C.G.A. § 10-1-764 and otherwise as allowed by law.

G.      Award Diamond Power interest as allowed by law.

H.      Grant such other and further relief as this Court in its judgment deems just and appropriate.

ATL01/11671045v1

Respectfully submitted this ___14th___ day of June, 2004.

ALSTON & BIRD LLP

By: _____
Warren R. Hall, Jr.
Georgia Bar No. 319405
F. Skip Sugarman
Georgia Bar No. 690773
Brett E. Coburn
Georgia Bar No. 171094
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
(404) 881-7777

ATTORNEYS FOR DIAMOND
POWER INTERNATIONAL, INC.

ATL01/11671045v1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SUMMONS IN A CIVIL ACTION

DIAMOND POWER INTERNATIONAL, INC.,

    Plaintiff,

    v.

CLYDE BERGEMANN, INC.

    Defendant.

CASE NUMBER:

**1 04 CV 1708**

TO:  CLYDE BERGEMANN, INC.
    4015 Presidential Way
    Atlanta, Georgia 30340

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

              Warren R. Hall, Jr.
              F. Skip Sugarman
              Allison V. Richardson
              ALSTON & BIRD LLP
              1201 W. Peachtree Street
              Atlanta, Georgia 30309-3424
              Telephone:  404-881-7000
              Fax:  404-881-7777

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your Answer with the clerk of this court within a reasonable period of time after service.

LUTHER D. THOMAS                 6-15-04

Clerk                            Date

J. Hinckley, Deputy Clerk

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me | Date |
|---|---|
| Name of Server | Title |

Check on box below to indicate appropriate method of service

☐    Served personally upon the defendant.  Place where served:_____
_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of Person with whom the summons and complaint were left:_____

☐    Returned unexecuted:_____
_____
_____

☐    Other (specify):_____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
                                               Signature of Server

                                                _____
                                               Address of Server