**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DIAMOND POWER INTERNATIONAL, INC., | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:04-CV-0091-RWS-CCH |
| v. | : : | |
| WAYNE DAVIDSON, | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| DIAMOND POWER INTERNATIONAL, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:04-CV-1708-RWS-CCH |
| CLYDE BERGEMANN, INC. | : : | |
| Defendant. | : | |

## **ORDER**

These cases come before the Court on Plaintiff Diamond Power's Renewed Motion to Consolidate Cases [Doc. 121 in Case No. 1:04-CV-0091-RWS-CCH and Doc. 344 in Case No. 1:04-CV-1708-RWS-CCH]. After reviewing the entire record, the Court enters the following Order.

### **Background**

Plaintiff Diamond Power International, Inc. ("Diamond Power") alleges

AO 72A
(Rev.8/82)

that its former manager of service operations, Defendant Wayne Davidson, misappropriated various trade secrets for the benefit of Diamond Power's main competitor, Defendant Clyde Bergemann, Inc. ("Bergemann").  In Case No. 1:04-CV-0091-RWS-CCH, Diamond Power brings claims against Davidson for misappropriation of trade secrets and breach of contract.  In Case No. 1:04-CV-1708-RWS-CCH, Diamond Power brings claims against Bergemann for misappropriation of trade secrets.  The facts of these cases are fully described in the Court's Order of September 28, 2007 [120, 340].[1]

Diamond Power moves to consolidate these two actions, contending that consolidation is appropriate in light of the time, efficiency, and cost savings of avoiding two trials.  By Order entered June 21, 2006 [55, 180], the Court declined Diamond Power's first request to consolidate, but invited Diamond Power to refile its request at a later stage in the litigation.  Diamond Power now contends that common questions of law and fact largely predominate in both actions because both actions concern whether Davidson and/or Clyde Bergemann misappropriated certain trade secrets and whether Diamond Power is entitled to damages as a result.  Diamond Power points out that this commonality is not only illustrated by the obvious overlapping of issues, but

---

[1] By Order dated September 28, 2007, the Court granted summary judgment to Davidson and Clyde Bergemann on the remainder of the claims originally at issue in this action.  (See generally Order of Sept. 28, 2007 [120, 340].)

also by Davidson's incorporation of substantial portions of Bergemann's summary judgment briefing into his own arguments on summary judgment and the Court's decision to consolidate the two actions for the purpose of considering both parties motions for summary judgment.

Davidson and Clyde Bergemann respond that consolidation is not appropriate because of the risk of jury confusion and prejudice to each Defendant's interests. In this respect, Defendants in both actions argue that, because Diamond Power has brought a breach-of-contract claim only against Davidson, but a misappropriation-of-contract claim against both Defendants, the jury may become confused about the distinct measure of damages flowing from each claim. Both Defendants also argue that the manner of proof of establishing a misappropriation-of-trade-secrets claim is potentially different as to each Defendant, and that the jury's awareness of Clyde Bergemann's deep pockets may cause prejudice to both Davidson and Clyde Bergemann by encouraging joint liability. Clyde Bergemann, for its part, contends that the jury may wrongfully hold it responsible for Davidson's actions while he remained an employee of Diamond Power. And finally, the parties argue that Diamond Power's decision to file two separate lawsuits and the benefit that has accrued to it as a result favors denial of their request for consolidation.

## Discussion

Rule 42(a) of the Federal Rules of Civil Procedure authorizes district courts to consolidate cases to avoid unnecessary costs or delay in pre-trial proceedings. The rule provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

A district court's decision under Rule 42(a) is purely discretionary. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985). In exercising its discretion, the district court must consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Id. (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982); see also Jackson v. Ford Consumer Finance Co., Inc., 181 F.R.D. 537, 539-40 (N.D. Ga. 1998) (declining to consolidate cases because

party seeking consolidation failed to show "that the transactions at issue . . . are so similar that any economies can be achieved by consolidating these cases for pre-trial procedures"). "[T]he trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." DuPont v. S. Pac. Co., 366 F.2d 193, 196 (5th Cir. 1966).

Having thoroughly considered the parties' filings on this matter, the Court concludes that consolidation is warranted. The numerous issues of fact and law common in both cases favor consolidation to both advance judicial efficiency and prevent the risk of inconsistent adjudications. Common issues of fact in both cases include: (1) whether the asserted trade secrets that remain at issue were in fact kept by Diamond Power as trade secrets; (2) whether Davidson misappropriated any such trade secrets; (3) if Davidson misappropriated any such trade secrets, whether Davidson acted as an agent of Clyde Bergemann in doing so; and (4) what damages Diamond Power is entitled to as a result of the misappropriation of any trade secrets by Davidson and/or Bergemann. The Court finds that the efficiency and cost-savings engendered by avoiding a duplicitous second trial on these issues and the risk of inconsistent verdicts as to these issues militates strongly in favor of consolidation.

On the other side of the balance, the Court recognizes that consolidation risks a modicum of prejudice to each Defendant.  Nevertheless, the Court is confident that, with appropriate guidance and instruction, a jury can distinguish between the damages available to Diamond Power were it to prove its breach-of-contract claim against Davidson and the damages stemming from Diamond Power's misappropriation claims.  The Court is also confident that, with appropriate guidance and instruction, the jury will not confuse the discrete number of factual and legal issues not common among both Defendants.  Any risk of confusion can be adequately addressed by both particularized jury instructions and, if necessary, a special verdict form.  Additionally, the Court is not convinced that Clyde Bergemann's ability to pay a large judgment will have an unduly prejudicial effect on either Defendant.  Finally, the Court finds no authority to support Defendants' argument that Diamond Power's filing of two separate actions militates against consolidation.  Although Plaintiffs may benefit strategically by filing multiple actions and later consolidating, a rule discouraging plaintiffs from filing motions for consolidation may encourage premature, multi-party litigation and discourage the efficiency and consistency advanced by Rule 42.

In sum, after balancing the specific risks of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and

legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned, the Court concludes that consolidation of these two actions is appropriate. Accordingly, Diamond Power's Motion to Consolidate is **GRANTED**.

## Conclusion

For the foregoing reasons, Plaintiff Diamond Power's Renewed Motion to Consolidate Cases [Doc. 121 in Case No. 1:04-CV-0091-RWS-CCH and Doc. 344 in Case No. 1:04-CV-1708-RWS-CCH] is **GRANTED**. The Court hereby **DIRECTS** that the above two cases shall be **CONSOLIDATED** into the earliest filed action, <u>Diamond Power International, Inc. v. Wayne Davidson</u>, No. 1:04-CV-0091-RWS.

**SO ORDERED** this   10th   day of December, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)